Debtor **Elliott Montrel Harris**
United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**  ☐ Check if this is an amended plan
[Bankruptcy district]

Case number: _____

Official Form 113
Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

■ **The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.**

☐ **The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.**

■ **The plan sets out nonstandard provisions in Part 9.**

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

■ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$268.48 Bi-weekly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
■ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Elliott Montrel Harris** | Case number | |
|---|---|---|---|

■ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:
_____
_____

**2.4 Additional payments.**
   *Check one.*
   ■ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $**34,902.60**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
   *Check one.*
   ■ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

3.2 Request for valuation of security and claim modification. *Check one.*
   **The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

   ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

   The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

   The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien until the earlier of:

   (a) payment of the underlying debt determined under nonbankruptcy law, or

   (b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Clarksville Finance** | $1,452.18 | **Personal Items** | $1,452.18 | $0.00 | $1,452.18 | 3.25 % | $42.39 | $1,526.04 |
| **Colonial Auto Finance/** | $9,379.00 | **2007 Saturn Ion-2** | $2,500.00 | $0.00 | $2,500.00 | 3.25 % | $45.20 | $2,711.99 |

| Debtor | **Elliott Montrel Harris** | | | Case number | | | | |
|---|---|---|---|---|---|---|---|---|
| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
| Republic Finance | $1,870.80 | 410 Gauge Shotgun, 8 Rods and Reels, 10 inch Computer, Silver Necklace, Pandora Bracelet, 3000 Watt Amp, 60 inch Vizio TV, 40 Inch Sony TV, Microwave, Silver Camcorder, xbox, PSC, Grill | $2,000.00 | $0.00 | $1,870.80 | 3.25% | $33.82 | $2,029.20 |
| Usa Discounters Ltd | $5,899.00 | 2 End Tables, 60 Inch TV, Coffee Table, Kitchen Table and Chairs, Bed, Washer, Dryer, | $2,000.00 | $0.00 | $2,000.00 | 3.25% | $58.38 | $2,101.68 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly play payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Credit Acceptance | 2005 GMC Sierra Crew SLE Vin 20TEK13T151208749 | $16,649.64 | 3.25% | $301.03 | $18,061.50 |
| | | | | Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | |

*Insert additional claims as needed.*

3.4 Lien avoidance

Check one.

■ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

APPENDIX D                                              Chapter 13 Plan                                              Page 3
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy
Case 3:15-bk-08390    Doc 2    Filed 11/20/15    Entered 11/20/15 08:12:11    Desc Main
                        Document      Page 3 of 7

| Debtor | **Elliott Montrel Harris** | Case number | |
|---|---|---|---|

### 3.5 Surrender of collateral.

Check one

■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **gateway finacial** | Auto: 95 gmc Yukon<br>Location: 3417 oakpark dr Clarksville, TN 37042 |
| **gateway financial** | Motorcycle: 07 cbr 1000rr<br>Location: 3417 oakpark dr Clarksville, TN 37042 |
| **Insolve Auto Funding** | 2012 Chevrolet Cruze Vin 1G1PK5SC6C7129247<br>(Blown Head Gasket, Turbo Charger not working) |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

### 4.2 Trustee's fees

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$1,662.00**.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,200.00**.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.
*Check one.*

■ The debtor estimates that the total amount of other priority claims to be $**3,300.00**

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

Check one.

■ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.

☐ The sum of $
■    **0.00**    % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $    **0.00**    . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*

■ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

### 5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

| Debtor | **Elliott Montrel Harris** | Case number | |
|---|---|---|---|

■ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

■ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

■ Assumed items. Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Description of leased property or executory contract | Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **First Choice Realty** | **Rental Lease Assume** | | **$825.00** Disbursed by: ☐ Trustee ■ Debtor(s) | **$0.00** | |

*Insert additional claims as needed.*

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
 1. Filing Fees
 2. Notice Fees
 3. Secured Claims with fixed monthly payments
 4. Attorney Fees
 5. Other priority claims without a specified monthly payment
 6. General unsecured claims
 7. Claims allowed pursuant to §1305

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
☐ plan confirmation.
■ entry of discharge.
☐ other: _____

### Part 9: Nonstandard Plan Provisions

*Under Bankruptcy Rule 3015(c),nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**
**9.02 PostPetition Claims. Post petition claims shall be allowed pursuant to 11 U.S.C. 1305**

### Part 10: Signatures:

X **/s/ John T. Maher**         Date **November 20, 2015**
   John T. Maher 19486
**Signature of Attorney for Debtor(s)**

X **/s/ Elliott Montrel Harris**         Date **November 20, 2015**

APPENDIX D                          Chapter 13 Plan                          Page 5

| Debtor | **Elliott Montrel Harris** | Case number | |
|---|---|---|---|
| | **Elliott Montrel Harris** | | |
| X _____ | | Date _____ | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

Debtor     **Elliott Montrel Harris**                                       Case number

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (Part 3, Section 3.1 total): | **$0.00** |
| b. | **Modified secured claims** (Part 3, Section 3.2 total): | **$8,368.91** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (Part 3, Section 3.3 total): | **$18,061.50** |
| d. | **Judicial liens or security interests partially avoided** (Part 3, Section 3.4 total): | **$0.00** |
| e. | **Fees and priority claims** (Part 4 total): | **$8,162.00** |
| f. | **Nonpriority unsecured claims** (Part 5, Section 5.1 total): | **$0.00** |
| g. | **Interest on allowed unsecured claims** (Part 5, Section 5.2 total) | **$0.00** |
| h. | **Maintenance and cure payments on unsecured claims** (Part 5, Section 5.3 total) | **$0.00** |
| i. | **Separately classified unsecured claims** (Part 5, Section 5.4 total) | **$0.00** |
| j. | **Trustee payments on executory contracts and unexpired leases** (Part 6, Section 6.1 total)    + | **$0.00** |

**Total of lines a through j**..................................................................................................    **$34,592.41**